AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 2 4 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| United States of America<br>v.<br>Tyson Lee Gaines, Sr.<br>George Sullivan, Jr.<br>Kevin Gerard Edwards<br>Willie Carter<br>*Defendant(s)* | Case No. 1:15mj24 JCG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 23, 2015__ in the county of __Harrison__ in the __Southern__ District of __Mississippi__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(j) | Receive, possess, sell, dispose stolen firearms |

This criminal complaint is based on these facts:
See affidavit attched hereto and incorporated herein

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kevin Istre, S/A ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 24 JUN 15

_____
*Judge's signature*

City and state: Gulfport, MS

John C. Garguilo, U.S. Magistrate
*Printed name and title*
GARgiulo

Affidavit for Criminal Complaint

I, Kevin Istre, being duly sworn and deposed, state the following:

1. I am a Special Agent employed by the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives in the Gulfport, Mississippi Field Office, and have been so employed since May, 2014. In November 2004, I started as a Police Officer with the City of Baton Rouge, Louisiana. During this employment I served as a Task Force Agent with the Drug Enforcement Administration from July, 2009 until May of 2014. Through the course of my career I have investigated violations of federal firearms and criminal conspiracy laws involving multiple defendants.

Based upon personal knowledge and information I have received from other law enforcement investigators, I am aware of the following facts.

2. Between the dates of June 6th and June 8th, 2015 the business of Friendly Pawn and Auto, a Federal Firearms Licensee, was burglarized with approximately forty-nine (49) firearms identified as being stolen. Friendly Pawn and Auto is located at 17437 Highway 49 in the State of Mississippi, county of Harrison and City of Saucier.

3. Investigators developed Tyson GAINES as a suspect of the burglary based upon surveillance video, witness testimony and other investigative techniques. On June 23, 2015 investigators conducted surveillance of GAINES and his associates in order to gain additional information regarding possible co-conspirators and the location of any of the stolen firearms.

4. During the surveillance, investigators observed a silver Chevrolet Impala vehicle bearing Louisiana registration YYW945 occupied by two black males meet with GAINES and other persons numerous times at a business on Pass Road, and at the residence of GAINES, both

in the city limits of Gulfport, MS.  The driver of the vehicle was identified as George SULLIVAN and the passenger was identified as Andrew YOUNG.  Surveillance units also observed a subject meeting with GAINES and SULLIVAN who was identified as Kevin EDWARDS

5.      Surveillance units observed the Chevrolet vehicle driven by SULLIVAN and occupied by YOUNG meet with another white GMC sport utility vehicle and conduct an apparent transaction.  Surveillance then followed the Chevrolet vehicle to a shopping center inside of the city limits of Gulfport, MS.  At this time, Investigators observed YOUNG exit the Chevrolet vehicle and place a bag under a mattress on the west side of the shopping center behind the businesses.  YOUNG remained out of the car on foot in the vicinity of the mattress.  Surveillance then observed SULLIVAN meet with a subject in a black Toyota vehicle, later identified as Marcello WOODS.  Surveillance observed WOODS drive around to the west side of the business and retrieve the bag under the mattress then depart the area.  The bag was subsequently recovered from WOODS and found to contain nineteen handguns and one shotgun.  Nineteen of the firearms were confirmed stolen from Friendly Pawn.

6.      Surveillance units observed YOUNG enter the Chevrolet vehicle with SULLIVAN after WOODS left the area.  SULLIVAN and YOUNG then travelled to the residence of GAINES.  Investigators subsequently contacted SULLIVAN, YOUNG, GAINES, EDWARDS and others at the residence.  SULLIVAN and YOUNG were transported to Gulfport Police Department for questioning while GAINES and EDWARDS were transported to Harrison County Sheriff's Office for questioning.

7. Investigators advised YOUNG of his rights, he waived his right to an attorney and provided a statement. YOUNG advised that he had been in the company of SULLIVAN most of the day. At one point YOUNG advised that SULLIVAN met with a subject in a white sport utility vehicle during which time they obtained a heavy bag and one small shotgun. YOUNG stated that he and SULLIVAN then travelled to the Hardy Court shopping center where YOUNG placed the bag and the shotgun under two mattresses at the rear of a business. YOUNG advised SULLIVAN then picked him up and they drove to GAINES' residence. When contacted by police YOUNG had fifty dollars which he received from SULLIVAN but was unsure if this money was payment for working on SULLIVAN's vehicle or the transfer of the firearms.

8. SULLIVAN waived his right to an attorney and provided a statement. SULLIVAN advised he was contacted by GAINES who advised him that he had firearms for sale which SULLIVAN suspected were stolen from Friendly Pawn. SULLIVAN stated he was contacted by "Cadillac" (aka Willie CARTER) the week of June 15, 2015 and picked up five firearms from him. SULLIVAN stated he then sold two of those firearms to "Chello" (WOODS). SULLIVAN advised that the other three firearms were located at his residence. Investigators obtained a State of Mississippi Search Warrant of his residence and recovered three firearms, two of which were confirmed as being stolen from the business of Friendly Pawn. SULLIVAN advised he met with CARTER subsequent to this deal and split the profits with both men receiving six hundred dollars ($600). SULLIVAN stated on June 23, 2015 CARTER again advised him that he had more guns to move and to meet him at the barber shop. SULLIVAN acknowledged that he then met with CARTER and received a bag full of guns to sell to WOODS. SULLIVAN and YOUNG then travelled to Hardy Court Shopping Center where SULLIVAN directed YOUNG to place the guns under a mattress behind the store. SULLIVAN

stated he met with WOODS and received six thousand dollars as payment for the firearms. SULLIVAN stated he then travelled to the residence of GAINES where he provided EDWARDS three thousand dollars which he believes a portion of which was supposed to be given to CARTER. When contacted by police SULLIVAN had three thousand and ten dollars in his possession to which he indicated a portion of which was his payment for the transaction.

9. GAINES waived his right to an attorney and provided a statement. GAINES told investigators he learned of the plot to burglarize Friendly Pawn before the burglary. GAINES advised investigators that Kevin EDWARDS aka "Miami," Willie CARTER and another male subject participated in the burglary of the business. GAINES stated WINTERS and EDWARDS physically entered the business while CARTER was the driver in his white dually pickup. GAINES advised Investigators that he did travel to the area of the business on the day of the burglary and looked at the business. GAINES stated he did not participate in the burglary but did speak to the others about the burglary. GAINES acknowledged to investigators that he advised CARTER and WINTERS on prudent ways to dispose of the firearms following the burglary. GAINES stated he knew SULLIVAN obtained firearms from CARTER which he then sold to another subject. GAINES had three thousand five hundred dollars in his possession which he said was given to him by SULLIVAN for the sale of the firearms and was to be given to CARTER.

10. EDWARDS was advised of his rights by Investigators. EDWARDS advised investigators that he did not wish to give a statement to investigators without consulting his attorney. When contacted by police EDWARDS had five hundred dollars in his possession.

11. On June 24, 2015 Investigators placed CARTER into custody and transported him to the ATF Office. CARTER waived his right to an attorney and provided a statement.

CARTER advised Investigators that he was contacted by GAINES about transporting firearms on June 23, 2015 in exchange for $500. CARTER stated that he went to a vacant lot at the direction of GAINES where he obtained a bag which contained numerous firearms and a shotgun. CARTER then transported those firearms to GAINES' "shop" in Gulfport. CARTER met with SULLIVAN and another unknown individual and transferred the firearms into their possession. CARTER advised Investigators that he suspected the firearms were stolen. CARTER further advised Investigators that he knew both GAINES and SULLIVAN did time in prison. CARTER told Investigators on the week of June 15, 2015 he obtained a 9mm pistol and a 357 pistol from GAINES and transferred the firearms to SULLIVAN.

12. Based upon the foregoing information and my training and experience I believe information has been presented which supports probable cause to issue an arrest warrant for Tyson GAINES, George SULLIVAN, Kevin EDWARDS, and Willie CARTER for violation of Title 18, United States Code Section 922 (j).

Further your affiant sayeth not.

_____
Kevin Istre
Special Agent, US Department of Justice
Alcohol, Tobacco, Firearms & Explosives

Sworn and subscribed by me this 24th day of June, 2015.

_____
United States Magistrate Judge