IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO. *1:15 CR 57 HSO-RHW*

TYSON LEE GAINES, SR.                18 U.S.C. § 922(u)
KEVIN GERARD EDWARDS              18 U.S.C. § 922(j)
WILLIE CARTER                              18 U.S.C. § 922(g)(1)
ANDRE LATTOUR YOUNG              18 U.S.C. § 922(d)

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JUL 22 2015

BY ____ ARTHUR JOHNSTON
                                    DEPUTY

**The Grand Jury charges:**

COUNT 1

From on or about June 1, 2015, through June 24, 2015, in Harrison County in the Southern

Division of the Southern District of Mississippi, the defendants, **TYSON LEE GAINES, SR.,**

**KEVIN GERARD EDWARDS and WILLIE CARTER,** aided and abetted by each other and

others known and unknown to the grand jury, did knowingly steal and unlawfully take and carry

away from the premises of Friendly Pawn and Auto, licensed to engage in the business of dealing

in firearms, several firearms in the business inventory of the licensee that had been shipped or

transported in interstate or foreign commerce.

In violation of Sections 922(u), 924(m), and 2, Title 18 United States Code.

COUNT 2

From on or about June 1, 2015, through June 24, 2015, in Harrison County in the Southern

Division of the Southern District of Mississippi, the defendants, **TYSON LEE GAINES, SR.,**

**KEVIN GERARD EDWARDS and WILLIE CARTER,** aided and abetted by each other and

others known and unknown to the grand jury, knowingly received, possessed, concealed, stored,

bartered, sold and disposed of stolen firearms which had been shipped or transported in interstate

or foreign commerce.

In violation of Sections 922(j), 924(a)(2), and 2 Title 18, United States Code.

## COUNT 3

From on or about June 1, 2015, through June 24, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **TYSON LEE GAINES, SR.,** having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1), 924(a)(2), and 2 Title 18, United States Code.

## COUNT 4

From on or about June 1, 2015, through June 24, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **KEVIN GERARD EDWARDS** having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1), 924(a)(2), and 2 Title 18, United States Code.

## COUNT 5

From on or about June 1, 2015, through June 24, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **ANDRE LATTOUR YOUNG** having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1), 924(a)(2), and 2 Title 18, United States Code.

## COUNT 6

From on or about June 1, 2015, through June 24, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **WILLIE CARTER,** knowingly sold and disposed of a firearm, to George Sullivan, Jr. and Andre Lattour Young, knowing and having reasonable cause to believe that George Sullivan, Jr.

and Andre Lattour Young had been convicted of a crime punishable by imprisonment for a term exceeding one year.

In violation of Sections 922(d) and 924(a)(2), Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 924(d)(1), Title 18, United States Code, and Section 2461(c), Title 28, United States Code.

_Warren L. McMarrEa for_
GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the _22nd_ day of _July_, 2015.

_Linda R. Anderson for F.K.Ball_
UNITED STATES MAGISTRATE JUDGE